# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

September 6, 2018

**BY ECF**

Hon. Gabriel W. Gorenstein, U.S.M.J
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** *Maldonado v. 1325 CCPJ Corp., et al.*
> *Case No. 17-CV-8961 (GWG)*

Dear Judge Gorenstein,

We are counsel to the plaintiff in the above-referenced matter, and jointly submit this letter together with the defendants for the Court's assessment and approval of the settlement agreement ("Agreement") reached between the parties. The Agreement is being submitted contemporaneously with this letter, and the parties respectfully request that the Court approve the Agreement because it represents a fair resolution of this matter, negotiated at arm's length between experienced counsel.

### I.   *The Need for the Court's Approval of the Agreement*

As plaintiff's action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the parties' settlement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). The FLSA expressly prohibits settlement of any right to unpaid minimum wages or overtime claims by employees made pursuant to 29 U.S.C. §§ 206-07, without the supervision of the Secretary of Labor. *See* 29 U.S.C. §216(c) (noting that a supervised settlement agreement "shall constitute a waiver by such employee of any right he may have [to pursue a private cause of action under FLSA"]). Courts have allowed an additional exception to the FLSA's restriction on settlement to include judicially supervised stipulated settlements. *See also D.A. Schulte, Inc., v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States ex. Rel. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1982); *see also Sampaio v. Boulder Rock Creek Developers, Inc.*, No. 07 Civ. 153, 2007 U.S. Dist. LEXIS 66013 (E.D.N.Y. Sept. 6, 2007).

Hon. Gabriel W. Gorenstein, U.S.M.J.
September 6, 2018
Page 2

## II.    *Plaintiff's Claims for Unpaid Wages*

Plaintiff filed his complaint on November 16, 2017, asserting causes of action for, *inter alia*, unpaid overtime compensation pursuant to the FLSA and New York Labor Law. Plaintiff alleges that he was hired in or about October 2016 to work as a dishwasher and, subsequently, a cook for the defendants' restaurant. Plaintiff worked continuously for the defendants until on or about October 30, 2017.

Plaintiff alleges that during the first four (4) months of his employment (while working as a dishwasher), he worked approximately sixty-seven (67) hours per week, and was paid $10 per hour straight time for all hours. Thereafter, while working as a cook, plaintiff alleges working approximately sixty-five (65) hours per week, and was paid between $10 and $13 per hour straight time for all hours.

During discovery, the defendants produced plaintiff's time and pay records, which revealed that plaintiff's work hours fluctuated from week-to-week, but that, on average, he worked six (6) days per week and fifty-five (55) hours per week.

Based on those records, plaintiff calculated that he is owed approximately $6,000 in underlying unpaid wages, with an equal amount in liquidated damages, as well as $10,000 in statutory damages for defendants' alleged failure to provide wage notices and weekly wage statements.

As reflected in the attached Agreement, the parties have agreed to settle the case for a total of $17,000 to resolve all of plaintiff's wage and hour claims against the defendants, payable in a lump sum within thirty (30) days after the Court approves the terms of the settlement and dismisses the action with prejudice. We believe this settlement to be a fair resolution to this litigation, due to *bona fide* disputes about plaintiff's claims.

## III.    *The Agreement is Fair and Reasonable*

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp.2d 332, 335 (S.D.N.Y. 2012). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07 Civ. 86, 2008 U.S. Dist. LEXIS 20786, at *2 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, supra*, 679 F.2d at 1354)); *see also In re Penthouse Executive Club Compensation Litig.*, No. 10 Civ. 1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement).

Here, it is undisputed that this settlement did not result because of "overreaching" by the employer. To the contrary, the settlement was reached as a result of extensive arm's length negotiations between counsel who are well versed in the prosecution and defense of wage and hour actions. Courts typically regard the adversarial nature of a

Hon. Gabriel W. Gorenstein, U.S.M.J.
September 6, 2018
Page 3

litigated FLSA case to be an indicator of the fairness of the settlement. *See Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825, 2013 U.S. Dist. LEXIS 47637 at *9 (S.D.N.Y. Apr. 13, 2013).

In light of various disputes concerning plaintiff's claims this settlement should be approved. For instance, the defendants contend that plaintiff received a one (1) hour break each day, which should be deducted from plaintiff's damages calculation. Plaintiff disputes receiving a break, and claims that he ate and worked simultaneously. Defendants also maintain that plaintiff received two (2) free meals per day, and that the meal credit in the amount of $3.10 (2016) or $3.80 (2017) per meal per day should be deducted from plaintiff's damages calculation.

By settling now, plaintiff receives virtually all of his calculated unpaid wages and liquidated damages even after attorneys' fees are accounted for, while enabling the parties to avoid the risks inherent in any trial.

### IV. Application for Attorneys' Fees

Pursuant to this firm's retainer agreement with plaintiff (copy attached), our firm will retain one-third of the net proceeds of the settlement after our initial $500 in costs (filing fee and service) is deducted. Therefore, plaintiff's counsel seeks $5,500 in fees, plus $500 in costs for a total of $6,000, which is less than the firm's lodestar to date.[1] Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his own compensation did not adversely affect the extent of the relief counsel procured for the clients. *See Wolinsky v. Scholastic*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). In this case, plaintiff's counsel fee of one-third is reasonable. Of course, had the case proceeded, assuming plaintiff prevailed, plaintiff's counsel would have made a fee application for much more than the amount currently sought in fees.

While the Second Circuit's ruling in *Cheeks* did not outline the factors for approving a settlement, certain red-flag issues were identified, such as the inclusion of confidentiality provisions, general releases, and attorneys' contingency fees in excess of 40%. *Id.* at 206. This Agreement contains no such red flags. Moreover, since the *Cheeks* decision, many courts have recognized the "percentage of the fund" method as an appropriate means by which to compensation plaintiff's attorneys in FLSA settlements. *See Velasquez v. Digital Page*, No. 11 Civ. 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (applying one-third of percentage of fund method in approving settlement); *see also Hiang v. Chiang*, No. 16 Civ. 1129, 2016 U.S. Dist. LEXIS 142670, at *7-8 (S.D.N.Y. Oct. 14, 2016) (awarding attorneys' fees of one-third of settlement amount in FLSA case); *Chauca v. Abitino's Pizza 49th St. Corp.*, No. 15 Civ. 6278, 2016 U.S. Dist. LEXIS 86206, at *6 (S.D.N.Y. June 29, 2016) (awarding attorneys' fees in amount of one-third of gross settlement); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015) (when using the "percentage of the fund" approach, "courts regularly approve attorneys' fees of one-third of the settlement amount in

---

[1] Plaintiff's counsel's fees are currently in excess of $12,000.

FLSA cases"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of the FLSA settlement amount); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) ("a fee that is one-third of the fund is typical" in FLSA cases).

For all of the reasons set forth above, the parties request that the Court approve the Agreement and enter the proposed Stipulation and Order of Dismissal that is being submitted simultaneously herewith, which expressly provides that the Court will retain jurisdiction over this matter solely for purposes of enforcing the Agreement.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Justin Cilenti

cc: Fausto Zapata, Esq. (by ECF)