UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TOMAS MALDONADO, on behalf of himself and
others similarly situated,

                    Plaintiff,

-against-

1325 CCPJ CORP. d/b/a MAXWELL'S CENTRAL
PARK, MICHAEL CASEY, ALEX TORTOLANI,
and JOHN DOES 1-5,

                    Defendants.

------------------------------------------------------------------X

Case No. 17-CV-8961
(GWG)

## SETTLEMENT AGREEMENT AND
## RELEASE OF WAGE AND HOUR CLAIMS

This Settlement Agreement and Release of Wage and Hour Claims ("Agreement"), is

entered into by and between Tomas Maldonado (hereinafter referred to as "Plaintiff" or

"Releasor"), and 1325 CCPJ Corp., and each of its parent companies and any of its subsidiaries,

divisions, related companies, predecessors, successors, assigns, current or former employees,

agents, shareholders, officers, directors and representatives, as well as Michael Casey, and Alex

Tortolani, jointly and severally (hereinafter collectively referred to as the "Defendants" or

"Releasees") (Plaintiff and Defendants are referred to herein as the "Parties").

WHEREAS, on November 16, 2017, Plaintiff filed suit for damages titled *Tomas*

*Maldonado, on behalf of himself and others similarly situated v. 1325 CCPJ Corp., et al.,* in the

United States District Court for the Southern District of New York, Civil Action No. 17-CV-

8961 (hereinafter referred to as the "Complaint"), alleging claims for, among other things,

unpaid overtime compensation due under the federal Fair Labor Standards Act and New York

State Labor Law; and,

WHEREAS, the Defendants have contested the claims set forth in this suit and deny any and all liability; and,

WHEREAS, the Parties now desire to settle the claims and to resolve fully all wage and hour disputes or potential wage and hour disputes between them, including but not limited to Plaintiff's claims in the Complaint, without the time, uncertainty, and expense of further litigation; and,

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

## A.   Consideration

1.   In exchange for the promises contained in this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the total settlement amount of Seventeen Thousand Dollars ($17,000.00) (the "Settlement Sum"), and which shall be paid in full within thirty (30) days of the Court's approval of the Agreement as fair and reasonable and dismissal of the Complaint with prejudice.

2.   The settlement payment described in Paragraph A(1) shall be paid to Plaintiff in exchange for Plaintiff's release of his wage and hour claims and other promises below, and in full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving or relating to Plaintiff's claims in the Complaint, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs, or other relief. The payments set forth in Paragraph A(1) shall be made payable to "Cilenti & Cooper, PLLC, as attorneys," and shall be sent to Justin Cilenti of Cilenti

2

& Cooper, PLLC, 708 Third Avenue, 6th Floor, New York, New York 10017, so as to be received no later than the date indicated above.

## B.   Penalty For Late Payment

In the event that the Defendants fail to make the settlement payment in a timely manner pursuant to Paragraph A(1) of this Agreement, Plaintiff shall provide notice of the default by facsimile and email to counsel for the Defendants: Fausto E. Zapata, Jr., Esq., The Law Offices of Fausto E. Zapata, Jr., Esq., P.C., 277 Broadway, Suite 206, New York, New York 10007, Facsimile: (212) 766-9870, Email: fz@fzapatalaw.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount shall become due and owing as of the 11th day following receipt of said notice, together with interest to commence as of that date at a rate of 9% per annum, on the amount remaining to be paid under this Agreement at the time of the default. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including having judgment entered against the Defendants, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

## C.   Wage & Hour Release by Plaintiff:

1.   In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants, its current and former owners, shareholders, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees,

3

attorneys, officers, directors and agents thereof, both individually and in their business capacity, from all known and unknown actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands solely concerning wage and hour matters including, but not limited to, any and all wage and hour claims arising under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, or any other wage or compensation related law or requirement and any implementing wage orders, rules or regulation's, including attorneys fees, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expenses, reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages.

## D.    Agreement To Refrain From Filing Claims

Plaintiff affirms that he has not filed or caused to be filed, and presently is not a party to any claim against Defendants, except this lawsuit, filed with the United States District Court for the Southern District of New York, Case No. 17-CV-8961, which is hereby withdrawn as part of this resolution of this case and its dismissal. This Agreement represents settlement of a bona fide dispute regarding wages owed and hours worked; and the parties agree that Plaintiff shall promptly seek Court approval of this Agreement.

Plaintiff affirms that as a result of this Agreement, he has been paid and/or has received all compensation, wages, bonuses, other monies to which Plaintiff may be entitled for work performed and that no other compensation, wages, bonuses, benefits or other monies are due.

4

Plaintiff further affirms that the sole complaint that he has made is the one for allegedly unpaid wages, which is resolved by this Agreement. He did not report any allegations of wrongdoing by the Defendants or its employees, officers, shareholders, and agents, including any allegations of fraud. Both Defendants and Plaintiff acknowledge that this Agreement does not limit either party's right where applicable, to file or participate in an investigative proceeding of any federal, state or local government agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claims made Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies relating to work performed, wages or compensation paid or any similar claim or relief.

Plaintiff further agrees that he is not a Medicare or Medicaid beneficiary as of the date of this Agreement and, therefore, no conditional payments have been made by Medicare or Medicaid.

Plaintiff affirms that, as of the date of execution of this Agreement, he knows of no other individual who has expressed interest in bringing any claims against Releasees.

### E.   Judicial Review/Dismissal of the Complaint

Contemporaneously with the execution of this Agreement, the Parties, by their respective counsel, shall execute a Stipulation and Order of Dismissal, dismissing the Complaint with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The Parties, through counsel, will submit the Stipulation and Order of Dismissal, simultaneously with this Agreement, to the Court for Judicial review and approval.

### F.   Representations and Acknowledgements

5

1.      Plaintiff represents that he has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:

> (a) He has reviewed each and every provision of this Agreement;
>
> (b) The Agreement has been explained to him by his attorneys;
>
> (c) That this Agreement appears to him to have been written in a manner calculated to be understood by him; and,
>
> (d) He does in fact fully understand this Agreement, including the release of claims.

2.      Plaintiff also represents that he voluntarily and knowingly enters into this Agreement of his own free will.

3.      Plaintiff further represents that neither the Releasees nor any of their agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not appear within the four corners of this document, and that he has been fairly represented by his attorneys throughout these proceedings.

## G.    **Non-Admissions**

1.      Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants

6

engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2.      Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

### H.      Attorneys' Fees and Costs

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

### I.      Complete Agreement

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

7

### J.      **Additional Terms**

1.      This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

2.      The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.      Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.      This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

[Remainder of Page Intentionally Left Blank]

8

WHEREFORE, the Parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

By: _____
Tomas Maldonado

STATE OF NEW YORK )
)ss.:
COUNTY OF NEW YORK )

On the 28 day of August 2018, before me personally came Tomas Maldonado to me known, and known to me to be the individual described in and who executed the foregoing Settlement Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he executed the same.

Sworn to before me this 28
day of August 2018

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019

[Remainder of Page Intentionally Left Blank]

9

By: _____
Michael Casey

STATE OF NEW YORK )
                            )ss.:
COUNTY OF NEW YORK )

    On the 4ᵗʰ day of ~~August~~ September 2018, before me personally came Michael Casey to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and Release of Wage and Hour Claims and duly acknowledged to me that he

executed the same.

Sworn to before me this 4ᵗʰ
day of ~~August 2018~~
        September 2018

_____
Notary Public ZAPATA
NOTARY PUBLIC-STATE OF NEW YORK
No. 02ZA6161180
Qualified In New York County
My Commission Expires February 20, 2019

By: _____
Alex Tortolani

STATE OF NEW YORK )
                            )ss.:
COUNTY OF NEW YORK )

    On the 4ᵗʰ day of ~~August~~ September 2018, before me personally came Alex Tortolani to me known,

and known to me to be the individual described in and who executed the foregoing Settlement

Agreement and Release of Wage and Hour Claims, and duly acknowledged to me that he

executed the same.

Sworn to before me this 4ᵗʰ
day of ~~August~~ 2018
        September

_____
Notary Public

10

1325 CCPJ Corp.

By: _____

Alex Tortolani   Owner
[Print Name and Title]

11